UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER MORTGAGE RESOURCES, LLC, an Oregon limited liability company,<br><br>                        Plaintiff,<br><br>    v.<br><br>CANOPY MORTGAGE, LLC, a Utah limited liability company; and DOES 1 through 10, inclusive;<br><br>                        Defendants. | Case No. 2:25-cv-00908<br><br>**NOTICE OF REMOVAL** |

TO:          Clerk of Court

AND TO:    Plaintiff

AND TO:    Plaintiff's Attorney of Record

Defendant Canopy Mortgage, LLC ("Canopy"), hereby removes to this Court the state-court action described below. Canopy states the following grounds for removal:

**BACKGROUND**

1.    Plaintiff Premier Mortgage Resources, LLC ("Premier") filed a civil action in the Superior Court of the State of Washington for Snohomish County, where it was assigned Case No. 25-2-03439-31. A copy of the Complaint is attached to this Notice.

2.    The Summons and Complaint were served on Canopy on April 17, 2025. The Complaint alleges that Premier's damages are in the "millions" of dollars. Compl. ¶ 20.

NOTICE OF REMOVAL - 1
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

3.   Premier asserts in its Complaint that it is an Oregon limited liability company that is headquartered in Idaho. Compl. ¶ 1. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Where the facts supporting diversity jurisdiction are not reasonably ascertainable by the party asserting jurisdiction, the party may allege diversity based on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014); *see also Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019). Canopy does not have access to information regarding Premier's members. But publicly available documents indicate that Premier's sole member is a domiciliary of Idaho. In 2018, Premier filed a corporate disclosure statement in the U.S. District Court for the District of Oregon, indicating that it is "owned and managed by Greg Mirecki, Richard C. Forde, Mark J. Feller, Paul Marrs, and Cory M. Swain of the State of Oregon." Defendant Premier Mortgage Resources, LLC's Corporate Disclosure Statement, *Gresham v. Premier Mortgage Resources,* LLC, No. 3:17-cv-1581-PK, Dkt. 20 (D. Or. Oct. 31, 2017). Its 2017 annual report filed with the Oregon Secretary of State listed the first four of these persons as members and Mr. Swain as manager. In 2022, Premier filed an "Information Change" with the Oregon Secretary of State. This new filing listed Mr. Swain as both Premier's sole member and sole manager and listed his address as in Meridian, Idaho. Premier's subsequent annual reports filed with the Oregon Secretary of State list only Mr. Swain as a member and continue to list his address as in Meridian, Idaho. This is true of Premier's annual report filed on March 24, 2025. Premier's website, states "Cory Swain, an Idaho native" was "a managing partner" of Premier who in 2021 "acquired the company outright." The bottom of the page lists Premier's corporate office at an address in Meridian, Idaho. Thus, on information and belief, Premier has as its sole member, Mr. Swain, who is domiciled in Idaho. Accordingly, on information and belief, Premier is a citizen of Idaho for the purposes of 28 U.S.C. § 1332(a).

4.   Canopy is a Utah limited liability company. Canopy's sole member is Canopy Holdings, LLC. "If a member of an LLC is another LLC, then the citizenship of that LLC's members must be shown." *Brady v. Leahy*, No. ED CV 19-1905 FMO (SPx), 2019 WL 5678374,

NOTICE OF REMOVAL - 2
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

at *2 (C.D. Cal. Oct. 31, 2019). Canopy Holdings, LLC has two members: (1) Shannon Brown, and her successors, as trustee of The Alta Trust u/a/d December 22, 2020; and (2) Lisa Reeves, and her successors, as trustee of The June Twenty Eight Trust u/a/d December 22, 2020. "[A] trustee is a real party to the controversy for purposes of diversity jurisdiction when he [or she] possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others . . . in other words, when a trustee oversees a traditional trust . . . . ." *Demarest v. HSBC Bank USA, N.A. as Tr. for registered holders of Nomura Home Equity Loan, Inc., Asset-Backed Certificates, Series 2006-HE2*, 920 F.3d 1223, 1229 (9th Cir. 2019) (citations and quotations omitted). In this case, the trustees of both trusts have customary powers to hold, manage, and dispose of assets for the benefit of trust beneficiaries, so the trusts are traditional trusts, whose trustees' citizenship controls for the purposes of diversity jurisdiction. Ms. Brown and Ms. Reeves each live and intend to remain in Utah and so are domiciled there. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Accordingly, Canopy is a citizen of Utah for the purposes of 28 U.S.C. § 1332(a).

5. The caption to the Complaint lists "Does 1 through 10, inclusive" as additional defendants, though the Complaint alleges about these Does only that they are individuals or entities "whose identities are presently unknown to Plaintiff but may be identified through discovery." Compl. ¶ 4. The citizenship of these persons is disregarded under 28 U.S.C. § 1441(b)(1). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998).

### JURISDICTION

6. **Complete diversity.** Complete diversity exists when there is no "single plaintiff from the same State as a single defendant." *Exxon Mobil Cop. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). On information and belief, Premier is a citizen of Idaho. *See Carolina Cas. Ins.*, 741 F.3d at 1087; *see also Ehrman*, 932 F.3d at 1227–28. Canopy is a citizen of Utah. *Demarest*, 920 F.3d at 1229. The citizenship of Doe defendants is not considered for the purposes of removal jurisdiction. *Newcombe*, 157 F.3d at 690. There is therefore complete diversity of citizenship under 28 U.S.C. § 1332(a).

NOTICE OF REMOVAL - 3
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

7. **Amount in controversy.** The amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Premier asserts in its Complaint that its damages are in the "millions of dollars," Compl. ¶ 20, which is in excess of the jurisdictional threshold.

8. **Removal bars.** This Court has jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C.§ 1441 because the parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold. No defendant is a citizen of Washington. *See* 28 U.S.C. § 1441. This is not an action listed under 28 U.S.C. § 1445. There are no statutory bars to removal.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

9. **Timeliness.** The removal procedure statute "provides two thirty-day windows during which a case may be removed." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005); *see also* 28 U.S.C. § 1446(a). The first window is "during the first thirty days after the defendant receives the initial pleading." *Id.* Canopy was served with the Complaint on April 17, 2025, fewer than 30 days before this Notice is filed. Accordingly, this Notice of Removal is timely.

10. **Filed documents.** As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon defendant[s]" is included with this Notice of Removal. *See also* W.D. Wash. Local Civ. R. 101(b). Similarly, "[a] certificate of service which lists all counsel and pro se parties who have appeared in the action" and "[a] completed Civil Cover Sheet" are attached. W.D. Wash. Local Civ. R. 101(b)(2), (4). Any additional records will be filed within the time limit specified by Local Civil Rule 101(c).

11. **Consent.** Canopy is the sole non-Doe defendant. The consent of defendants who have not been properly served is not required. 28 U.S.C. § 1446(b)(2)(A); *Destfino v. Reiswig*, 630 F.3d 952, 957 (9th Cir. 2011). Since the Doe defendants are alleged to be unknown, Compl. ¶ 4, they cannot have been served. To the extent Canopy needs its own consent to this removal, it "consent[s] to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

12. **Signature.** This Notice of Removal is signed under Federal Rule of Civil Procedure. *See* 28 U.S.C. § 1446(a).

NOTICE OF REMOVAL - 4
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

13. **Intradistrict assignment.** The Snohomish County Superior Court is located within the United States District Court for the Western District of Washington, *see* 28 U.S.C. § 128(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Washington is the "district and division embracing the place where such action is pending." The Seattle Division is the appropriate Division of this Court because plaintiff filed the Complaint in Snohomish County, Washington. *See* W.D. Wash. Local Civ. R. 3(e).

14. **Pleadings and process.** Notice of this removal will be filed with the Clerk of the Snohomish County Superior Court, Case No. 25-2-03439-31 and will be given to all other parties, in accordance with 28 U.S.C. § 1446(d).

15. **No waiver.** By removing this action to this Court, Canopy does not waive any defenses, objections, or motions available to it.

DATED: May 14, 2025

BALLARD SPAHR LLP

By:  *s/ Jeffrey Odom*
     Jeffrey Odom, WSBA No. 36168
     odomj@ballardspahr.com

     *s/ Devon McCurdy*
     Devon J. McCurdy, WSBA No. 52663
     mccurdyd@ballardspahr.com

     1420 Fifth Avenue, Suite 4200
     P.O. Box 91302
     Seattle, Washington 98111-9402
     Telephone: 206.223.7000

*Attorneys for Defendant Canopy Mortgage, LLC*

NOTICE OF REMOVAL - 5
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

# CERTIFICATE OF SERVICE

I, Jennifer Endres, hereby declare under penalty of perjury that on the 14th day of May, 2025, I caused to be served a copy of the foregoing, on the following person(s) at the following address(es):

| **Attorneys for Plaintiff:** | |
|---|---|
| Scott R. Sleight<br>Ryanne Mathisen<br>Ahlers Cressman & Sleight, PLLC<br>1325 Fourth Avenue, Suite 1850<br>Seattle, WA 98101<br>Phone: 206.287.9900<br>Fax: 206.934.1139<br>Email:  scott.sleight@acslawyers.com<br>            ryanne.mathisen@acslawyers.com | ☒ by CM/ECF E-Service<br>☒ by Electronic Mail<br>☐ by Facsimile Transmission<br>☒ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |
| Ian Wright<br>Alston & Bird LLP<br>250 South Grand Avenue, 51st Floor<br>Los Angeles, CA 90071-1410<br>Phone: 213.576.1000<br>Fax: 213.576.1100<br>Email:  ian.wright@alston.com | ☐ by CM/ECF E-Service<br>☒ by Electronic Mail<br>☐ by Facsimile Transmission<br>☒ by First Class Mail<br>☐ by Hand Delivery<br>☐ by Overnight Delivery |

DATED this 14th day of May, 2025.

*Jennifer Endres* (signature)
Jennifer Endres, Legal Assistant

NOTICE OF REMOVAL - 6
Case No. 2:25-CV-00908

BALLARD SPAHR LLP
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107