1

2

3

4

5

6

7

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SNOHOMISH

8

| | |
|---|---|
| PREMIER MORTGAGE RESOURCES, LLC, an Oregon limited liability company, | NO. 25-2-03439-31 |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | |
| CANOPY MORTGAGE, LLC, a Utah limited liability company; and DOES 1 through 10, inclusive; | |
| Defendants. | |

9

10

11

12

13

14

15

16    Plaintiff Premier Mortgage Resources, LLC ("Plaintiff") brings this Complaint

17 for damages against Defendant Canopy Mortgage, LLC ("Defendant") as follows:

18                          **PARTIES, JURISDICTION, AND VENUE**

19         1.    Plaintiff is an Oregon limited liability company. Plaintiff's headquarters

20 are in Ada County, Idaho. Plaintiff's employees are based in various cities throughout

21 the United States.

22         2.    Upon information and belief, Defendant is a Utah limited liability

23 company.

24         3.    This Court has personal jurisdiction over Defendant under RCW

4.28.185(1)(a) and (b). Upon information and belief, Defendant transacts business

COMPLAINT FOR DAMAGES– 1

ACS  Ahlers Cressman & Sleight PLLC

1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

and/or committed tortious acts against Plaintiff within the State of Washington (including Defendant's branch office located in Everett, Washington).

4.    Does 1 through 10 are individuals and/or entities whose identities are presently unknown to Plaintiff but may be identified through discovery.

5.    Venue is proper in Snohomish County Superior Court under RCW 4.12.025(3) because Defendant committed the tortious acts described herein in Snohomish County.

## FACTS

6.    Plaintiff is a privately held mortgage banker that offers a full range of mortgage products to individuals and businesses throughout the United States.

7.    Defendant is a direct competitor of Plaintiff in the mortgage industry.

8.    In 2017, Curt Lillibridge and his three sons, Riley Lillibridge, Kiel Lillibridge, and Cameron Lillibridge (collectively, the "Lillibridges"), began working for Plaintiff.  During their employment with Plaintiff, the Lillibridges worked out of Plaintiff's branch in Everett, Washington.

9.    Curt Lillibridge was employed as an Area Manager and oversaw operations at Plaintiff's branch in Everett, Washington.

10.    Riley Lillibridge was employed as a Branch Manager at Plaintiff's branch in Everett, Washington.

11.    Kiel Lillibridge and Cameron Lillibridge were employed as Loan Officers at Plaintiff's branch in Everett, Washington.

12.    The Lillibridges' employment with Plaintiff was governed by, among other things, employment agreements that each of the Lillibridges signed at or around the time that they began working for Plaintiff.

13.    Each of the employment agreements that the Lillibridges entered with

COMPLAINT FOR DAMAGES– 2

Ahlers
Cressman &
Sleight PLLC
1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

1    Plaintiff stipulated that Plaintiff's customer records and data belong to Plaintiff and shall

2    only be used for Plaintiff's benefit.  These employment agreements also stipulated that

3    the Lillibridges must return all such customer records and data to Plaintiff upon

4    separation of employment and keep no retention of such information thereof.  Each of

5    the employment agreements that the Lillibridges entered with Plaintiff stated that, upon

6    separation of employment, all mortgage loans that were in process at the time of

7    employment separation, were to remain Plaintiff's exclusive property and were to

8    continue to be processed and closed for the benefit of Plaintiff only.

9        14.    The employment agreement that Riley Lillibridge entered into with

10   Plaintiff also included a clause prohibiting him from soliciting Plaintiff's customers and

11   employees to leave Plaintiff for a period of two years following the end of his

12   employment with Plaintiff.

13       15.    In December 2023, the Lillibridges abruptly resigned from their

14   employment with Plaintiff.  At the time of the Lillibridges' resignation, Plaintiff

15   employed additional employees who were also based out of Plaintiff's branch in Everett,

16   Washington.

17       16.    Upon information and belief, the Lillibridges began working for

18   Defendant immediately after they resigned their employment with (or while still

19   employed by) Plaintiff.

20       17.    Upon information and belief, the Lillibridges solicited and encouraged

21   Plaintiff's employees to resign their employment with Plaintiff and begin working for

22   Defendant.  This solicitation occurred both before and after the Lillibridges' own

23   resignation. As a result of this unlawful conduct, Plaintiff was forced to close its Everett

24   branch because nearly all of Plaintiff's employees in that branch began working for

Defendant almost immediately after the Lillibridges resigned.



COMPLAINT FOR DAMAGES– 3

1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

18.    Upon information and belief, Defendant, with the assistance and knowledge of the Lillibridges, misappropriated Plaintiff's confidential customer loan information for its own benefit, including the loans that were in process of closing with Plaintiff before they were transferred to and closed with and for the benefit of Defendant after the Lillibridges resigned.

19.    Upon information and belief, Defendant (acting through the Lillibridges and others) contacted Plaintiff's customers and solicited them to transfer their in-process loans to Defendant.

20.    As a result of the foregoing unlawful conduct, Defendant has stolen many of Plaintiff's in-process loans, resulting in millions of dollars of lost business revenue to Plaintiff.

21.    Plaintiff's claims against the Lillibridges individually are subject to arbitration.

## COUNT ONE

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

22.    Plaintiff re-alleges the allegations of the foregoing paragraphs 1-21 as if incorporated herein.

23.    At the time of the conduct at issue, Plaintiff had a business expectancy with a probability of Plaintiff's future economic benefit.

24.    Defendant knew of the existence of Plaintiff's business expectancies.

25.    Defendant intentionally induced or caused the termination of Plaintiff's business expectancies.

26.    Defendant's interference with Plaintiff's business expectancies was for an improper purpose or by improper means.

27.    Defendant's conduct was a proximate cause of damages to Plaintiff.



COMPLAINT FOR DAMAGES– 4

1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

## COUNT TWO

## TORTIOUS INTERFERENCE WITH CONTRACT

28.     Plaintiff re-alleges the allegations of the foregoing paragraphs 1-27 as if incorporated herein.

29.     At the time of the conduct at issue, Plaintiff and the Lillibridges had valid contractual relationships, whereby the Lillibridges agreed, among other things, that Plaintiff's customer records were the exclusive property of Plaintiff and were to be used exclusively for Plaintiff's benefit and that all loans in process through Plaintiff were to remain Plaintiff's exclusive property and were to continue to be processed and closed for Plaintiff's sole benefit.

30.     Further, at the time of the conduct at issue, Plaintiff and Riley Lillibridge had a valid contractual relationship, whereby Riley Lillibridge agreed, among other things, that he would not solicit Plaintiff's employees to terminate their employment with Plaintiff for a period of two years following the end of his employment with Plaintiff.

31.     Defendant had knowledge of the Lillibridges' contractual relationships with Plaintiff.

32.     Defendant intentionally induced the Lillibridges to breach their contractual obligations to Plaintiff.

33.     Defendant's interference was for an improper purpose or by improper means.

34.     Defendant's interference with Plaintiff's contractual relationships with the Lillibridges was a proximate cause of damages to Plaintiff.

///

///



COMPLAINT FOR DAMAGES– 5

1325 4TH AVE SUITE 1850   SEATTLE, WA 98101-2571

## COUNT THREE

## CIVIL CONSPIRACY

35.    Plaintiff re-alleges the allegations of the foregoing paragraphs 1-34 as if incorporated herein.

36.    On information and belief, before the Lillibridges resigned from their employment with Plaintiff, Defendant and one or more of the Lillibridges entered into an agreement whereby the Lillibridges would misappropriate Plaintiff's confidential customer information and otherwise solicit Plaintiff's customers and employees for the purpose of Defendant acquiring said customers and employees through unlawful means, which Defendant would then facilitate the transfer of such customers and employees to itself.

37.    Upon Defendant's employment of each of the respective Lillibridge individuals, each individual became an agent of Defendant.

38.    After their employment by Defendant, both the Defendant and the Lillibridges acted in furtherance of the prior agreement between Defendant and the Lillibridges to unlawfully divert customers and employees away from Plaintiff as described herein.

## RESERVATION OF RIGHTS

39.    Plaintiff reserves the right to add parties to this lawsuit as well as to make further claims and/or amend claims set forth herein as may be warranted from discovery.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant as follows:

A.    For compensatory damages to be proven at trial;

B.    For prejudgment interest at the maximum legal rate allowed by law;

COMPLAINT FOR DAMAGES– 6



Ahlers
Cressman &
Sleight PLLC

1325 4TH AVE SUITE 1850    SEATTLE, WA 98101-2571

1      C.    For Plaintiff's attorneys' fees and cost as may be allowed in law or equity;

2          and

3      D.    For such other further relief as the Court may deem just and proper.

4

Dated: April 14, 2025      **AHLERS CRESSMAN & SLEIGHT PLLC**

5

6

7                   By:  */s/ Ryanne S. Mathisen*

                         Scott R. Sleight, WSBA No. 27106

8                        scott.sleight@acslawyers.com

                         Ryanne Mathisen, WSBA No. 56000

9                        ryanne.mathisen@acslawyers.com

                         1325 4th Ave., Suite 1850

10                       Seattle, WA 98101

                         Telephone: 206-287-9900

11                       Facsimile: 206-934-1139

                         *Attorneys for Plaintiff*

12                       *PREMIER MORTGAGE RESOURCES, LLC*

13

Dated: April 14, 2025      **ALSTON & BIRD LLP**

14

15

16                  By:  */s/ Ian A. Wright*

                         Ian A. Wright, (*pending pro hac vice approval*)

17                       ian.wright@alston.com

                         350 South Grand Avenue, 51st Floor

18                       Los Angeles, CA 90071-1410

                         Telephone: 213-576-1000

19                       Facsimile:213-576-1100

                         *Attorney for Plaintiff*

20                       *PREMIER MORTGAGE RESOURCES, LLC*

21

22

23

24

COMPLAINT FOR DAMAGES– 7

ACS Ahlers Cressman & Sleight PLLC
1325 4TH AVE SUITE 1850    SEATTLE, WA 98101-2571