THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PREMIER MORTGAGE RESOURCES, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CANOPY MORTGAGE, LLC, a Utah limited liability company; and DOES 1 through 10, inclusive;<br><br>Defendants. | Case No. 2:25-cv-00908-BJR<br><br>**ANSWER TO FIRST AMENDED COMPLAINT**<br><br>**JURY DEMAND** |

Defendant Canopy Mortgage, LLC answers Plaintiff Premier Mortgage Resources, LLC's First Amended Complaint and asserts affirmative defenses as follows:

## I.   PARTIES, JURISDICTION, AND VENUE

1. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

2. Admitted.

3. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

4. Admitted.

5. Admitted.

6. The allegations state legal conclusions to which no response is required.

ANSWER TO FIRST AMENDED
COMPLAINT - 1

BALLARD SPAHR LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101-3808
206.223.7200 FAX: 206.223.7107

7. The allegations state legal conclusions to which no response is required.

**FACTS**

8. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

9. Canopy admits that both Canopy and Premier are among the many entities operating within the mortgage banking industry. Except as expressly admitted, denied.

10. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

11. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

12. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

13. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

14. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

15. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

16. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

17. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

18. Canopy admits it received copies of the arbitration demands, dated March 21, 2025, that Premier filed against certain Lillibridges and to which Premier appended alleged copies of contracts with certain Lillibridges. Except as expressly admitted, denied.

19. The allegations state legal conclusions to which no response is required. To the extent that a response is required, denied.

20. Canopy admits certain Lillibridges traveled to Canopy's corporate offices in 2023 to discuss their potential employment with Canopy and that Canopy is interested in expanding its business presence in virtually every state. Except as expressly admitted, denied.

21. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

22. Canopy admits that in December 2023, Curt Lillibridge, Kiel Lillibridge, and Cameron Lillibridge began working for Canopy. Except as expressly admitted, Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

23. The allegations state legal conclusions to which no response is required. To the extent a response is required, denied.

24. Canopy admits that in December 2023, Riley Lillibridge began working for Canopy. Except as expressly admitted Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

25. Denied.

26. Canopy admits that it provided the Lillibridges with @canopymortgage.com email accounts after the signed offer letter and shortly before their start dates. Except as expressly admitted, denied.

27. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

28. Canopy denies that it instructed the Lillibridges to transfer any in-process loans from Premier to Canopy and states that it specifically directed them not to do so. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the other allegations and denies them on that basis.

29. The allegations state legal conclusions to which no response is required. To the extent that a response is required, denied.

30. Canopy denies that any company executive consented to the solicitation of Premier's employees. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the other allegations and denies them on that basis.

31. Denied.

32. Canopy admits receiving a letter from Premier's counsel, the contents of which speak for themselves. Except as expressly admitted, denied.

33. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

34. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

35. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

## COUNT ONE

## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

36. Canopy incorporates by reference its responses to Paragraphs 1–35 as if fully set forth herein.

37. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## COUNT TWO

## TORTIOUS INTERFERENCE WITH CONTRACT

42. Canopy incorporates by reference its responses to Paragraphs 1–41 as if fully set forth herein.

43. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

44. Canopy lacks sufficient knowledge or information to form a belief as to the truth of the allegations and denies them on that basis.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

## COUNT THREE

## CIVIL CONSPIRACY

49. Canopy incorporates by reference its responses to Paragraphs 1–48 as if fully set forth herein.

50. Denied.

51. The allegations state legal conclusions to which no response is required. To the extent that a response is required, denied.

52. Denied.

53. To the extent a response is required, Canopy denies.

## REQUEST FOR RELIEF

To the extent a response is required, Canopy denies that Premier is entitled to any relief.

\* \* \* \*

## AFFIRMATIVE DEFENSES

By way of further answer, and for the purposes of pleading and pending discovery, Canopy asserts the following affirmative defenses, without stating or implying that it necessarily bears the burden to prove any listed defense:

1. <u>Equitable Estoppel</u>. Premier's claims are barred in whole or in part by the doctrine and principles of equitable estoppel. Without limitation and by way of example, on information and belief, Premier was aware of and consented to Canopy's actions at issue in the First Amended

Complaint, which precludes and estops it from asserting the claims alleged.

2. <u>Economic Justification / Competition Privilege</u>. Any actions taken by Canopy were justified as a lawful exercise of competition and were privileged under applicable law protecting fair competition in business activities.

3. <u>Absence of Improper Means or Purpose</u>. Canopy did not use improper means nor act with an improper purpose as required for tortious interference or civil conspiracy claims; all actions were lawful under applicable statutes and regulations.

4. <u>No Contractual Breach Attributable to Canopy</u>. To the extent any contract was breached by others (e.g., Lillibridges), such breaches were not induced nor caused by any action of Canopy.

5. <u>Comparative Negligence / Comparative Fault</u>. Premier's injuries and damages, if any, were caused in whole or in part by Premier's or other unknown person(s)' or entity(ies)' negligent acts and/or omissions over which Canopy lacked control.

6. <u>Allocation of Fault</u>. If Premier was injured or damaged as alleged, any injuries or damages were wholly or proximately caused by the negligence, fault, or wrongful conduct of persons or entities over whom Canopy exercised no control.

7. <u>Failure to Mitigate Damages</u>. If Premier was injured or damaged as alleged, some or all of Premier's injuries or damages may have been proximately caused by the Premier's failure to mitigate, minimize, or otherwise reduce its own damages.

8. <u>In pari delicto</u>. If Premier was harmed as alleged, Premier's claims are barred in whole or in part because, on information and belief, its own conduct is at least as culpable as Canopy's.

WHEREFORE, having answered Premier's claims, Canopy prays for the following relief:

1. Dismissal of Premier's claims against Canopy, with prejudice;

2. Entry of judgment in favor of Canopy;

3. An award of attorneys' fees and costs as permitted under the law; and

4. Such other and further relief as the Court deems just and equitable.

DATED: September 18, 2025

BALLARD SPAHR LLP

By: *s/ Devon McCurdy*
Jeffrey Odom, WSBA No. 36168
Devon J. McCurdy, WSBA No. 52663
1301 Second Avenue, Suite 2800
Seattle, Washington 98111-9402
Telephone: 206-223-7000
odomj@ballardspahr.com
mccurdyd@ballardspahr.com

*Attorneys for Defendant Canopy Mortgage, LLC*